UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRANDON LACINAK** | : | Case No. 16-cv-184 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | |
| **ABUBAKAR ATIQ DURRANI, M.D., ET AL.** | : | **NOTICE OF REMOVAL** |
| | : | |
| Defendants. | : | |

_____

Defendant Cincinnati Children's Hospital Medical Center ("CCHMC") hereby removes to this Court the state court action described below. The removal is consented to by Abubakar Atiq Durrani, M.D. ("Dr. Durrani") (collectively "Defendants"). Removal is warranted under 28 U.S.C. § 1332(d)(11). In support of removal, Defendants state as follows:

## BACKGROUND

Plaintiff commenced this action by filing a complaint in the Court of Common Pleas of Hamilton County, in the State of Ohio, bearing case number A1400586. ("Complaint") (attached hereto as **Exhibit A**). Plaintiff alleges that Dr. Abubakar Atiq Durrani ("Dr. Durrani") provided negligent medical treatment that resulted in complications and injuries. *Id.* Plaintiff additionally brings various claims against CCHMC arising out of this medical care including claims for vicarious liability, negligent credentialing, supervision, and retention, fraud, and punitive damages. *Id.*

This case is one of hundreds of nearly identically pled suits against the Defendants (and other hospitals) in Hamilton or Butler County. Plaintiffs have voluntarily dismissed and re-filed many of these cases. Each of these cases in Hamilton County has been consolidated before

1

Hamilton County Common Pleas Judge Robert Ruehlman. On December 7, 2015, in preparation for a December 14 case management conference regarding all of the Hamilton County cases (including those re-filed after being dismissed in Butler County), Plaintiffs' counsel submitted to Judge Ruehlman an unsolicited and lengthy "binder," which included, among other things, a number of motions, descriptions of Plaintiffs' counsel's positions on various pre-trial issues, and lists of cases currently pending or which were to be filed. *See* Plaintiffs' Binder for December 14, 2015 Case Management Conference ("Binder") (attached hereto as **Exhibit B**). In all, Plaintiffs' counsel claimed to represent Plaintiffs in some 520 individual cases as part of this litigation, including 172 already filed in Hamilton County, 258 that Plaintiffs' counsel planned to dismiss in Butler County and re-file in Hamilton County, and 40 more Butler County cases that were the subject of a pending motion to transfer to Hamilton County as of December 7.[1] *Id.*, pp. 8, 19-29, 209-23, 226-235.

In the Binder, Plaintiffs unambiguously requested that Judge Ruehlman set "ALL" of these cases for one single, combined trial or, at a minimum, several smaller group trials. *See, e.g.*, Binder, p. 179-80 (listing "[o]ne scheduled trial for ALL cases [to begin] August 1, 2016" as Plaintiffs' top choice in a list of their "Preferences in Order of Preference for Trial Settings"); *id.*, p. 180 (listing "Group Trials with Many Options" as Plaintiffs' second choice); *id.*, p. 126 (stating that "[t]he Court has many options [for setting trial dates, including] [s]chedul[ing] one trial. . . . [or] [s]et[ting] trials by groups . . . ."); *id.*, pp. 153-177 (attaching and citing *Suida v. Howard*, Nos. C-000656, C-000687, 2002 WL 946188 (Ohio Ct. App. May 10, 2002) for the proposition that "group trials [are] allowed]").

Although Judge Ruehlman did not grant Plaintiffs' request for a single trial, in a December 15, 2015 order, the court scheduled several trials as follows:

---

[1] This motion was later denied. Plaintiffs have filed a motion for reconsideration in each of those cases.

> 1) **February 29, 2016**: trial in *Mike & Amber Sand v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506694;
>
> 2) **March 14, 2016**: trial in *Steven Andrew Schultz v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506861;
>
> 3) **May 2, 2016**: trial in 14 cases involving Cincinnati Children's Hospital Medical Center;
>
> 4) **August 1, 2016**: trial in 24 cases involving "West Chester/UC Health and any hospital named as a Defendant in the C1C2/False Pannus cases," which includes CCHMC;
>
> 5) **January 2, 2017**: a "massive group trial" in "all remaining Dr. Durrani cases," which "could take six months to a year."

General Order on all Dr. Durrani Hamilton County Cases for Case Management Conference December 14, 2015, Hamilton County Common Pleas Case No. A1506577 ("General Order") (attached hereto as **Exhibit C**), pp. 11-15.

By proposing a joint trial of the claims of over 100 plaintiffs, Plaintiffs created a "mass action," as defined in 28 U.S.C. § 1332(d)(11), making this case (and the hundreds of others covered by the proposal) removable.

## **THIS CASE IS REMOVABLE AS PART OF A MASS ACTION**

This case is removable as part of a mass action, pursuant to the mass action provisions of the diversity jurisdiction statute, 28 U.S.C. § 1332(d)(11). A removable mass action meets the following requirements:

   a. It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

   b. The aggregate amount in controversy, through Plaintiff's allegations, exceeds $5,000,000 and the claims of the individual plaintiffs exceed $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

3

      c. Any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

These requirements are satisfied here.

## A. The Plaintiffs' Binder in the Hamilton County Action Proposed a Joint Trial of the Claims of 100 or More Persons

This case is removable as part of a mass action. In the Binder submitted to Judge Ruehlman, Plaintiffs' counsel explicitly proposed that this case be tried jointly with hundreds of other cases. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, pp. 126, 153-177, 179-80. Plaintiffs' counsel based this request on its belief that these cases involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, p. 179-80 (listing factors that all of the cases proposed to be tried jointly "have in common"); *id.*, p. 186 ("The claims against the hospital Defendants are the same in each case. It's silly to try the same fact issue against the hospital to 500 juries."); *id.*, p. 187 (listing factors "common to all cases"). Thus, the first mass action requirement is satisfied.

This element is met even though this case individually has less than a 100 Plaintiffs. The Sixth Circuit has not addressed this issue. However, the Seventh, Eighth, and Ninth Circuits have explicitly approved mass action removal of individual actions where each includes fewer than 100 plaintiffs, but the actions are proposed to be tried jointly and, combined, involve at least 100 plaintiffs. *See In re Abbott Labs., Inc.*, 698 F.3d 568, 570-71 (7th Cir. 2012) (removal proper in mass action consisting of ten cases with fewer than 100 plaintiffs each, where, combined, the cases involved several hundred plaintiffs); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1161-62 (8th Cir. 2013) (removal proper in mass action consisting of three suits, each involving fewer than 100 plaintiffs, even though each case involved fewer than 100 plaintiffs); *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (removal proper in mass action consisting of several cases, each of which had fewer than 100 plaintiffs but had "far more than 100 plaintiffs when considered together").

Further, removal is proper over all cases that Plaintiffs proposed be tried jointly,

including those that are not part of the "massive group trial" set for January 2, 2017. The relevant inquiry is whether Plaintiffs *proposed* a joint trial of the claims of 100 or more plaintiffs, *not* whether the claims of 100 or more plaintiffs are actually adjudicated together in a single trial. As the Seventh Circuit has noted:

> A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside § 1332(d)(11). Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly" is treated as a "class action". . . . *The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly.*

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added); *see also Atwell*, 740 F.3d at 1163 (approving of *Bullard* and noting that "construing the statute to require a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct'"); *In re Abbott*, 698 F.3d at 573 ("[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.'" (quoting *Bullard*, 535 F.3d at 762)). Thus, the fact that that Judge Ruehlman scheduled two individual trials as well as two group trials for 14 and 24 plaintiffs is irrelevant. Plaintiffs' *proposal*, standing alone, satisfies the first requirement of mass action removal as to each and every case included in that proposal.

**B.     The Amount in Controversy Is Satisfied**

Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are satisfied. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i). The face of Plaintiff's Complaint alleges serious and "catastrophic injuries", *see* Compl. p. 16, therefore, the amount in controversy exceeds $75,000 for Plaintiff, individually. Where, as here, plaintiffs allege serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see, e.g.*, *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31

(W.D. Ky. 2007); *accord Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *2 (E.D. Pa. Apr. 22, 2009). This is especially true, where, as here, there is a demand for punitive damages. *See* Compl. p. 16; *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, [amount-in-controversy] analysis must also take into account the ability of [plaintiffs] to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered."). Because Plaintiff's allegations set forth a claim that exceeds $75,000, the aggregate amount in controversy, which embraces the claims of the more than 500 individuals who proposed to have their claims tried jointly (and whose claims also exceed $75,000 each), easily exceeds $5,000,000. Accordingly, the amount-in-controversy requirement is satisfied.

**C.    The Diversity Requirement Is Satisfied**

The diversity requirement for mass action removal is also met. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A). For removal of a mass action, only "minimal diversity" is required, *i.e.*, at least one plaintiff must be diverse from one defendant. *See id.* Here, at least one Defendant, CCHMC, is a citizen of Ohio for purposes of diversity, and a significant number of Dr. Durrani's patients whom he treated at CCHMC are residents of other states, such as Kentucky and Indiana. *See* Sample of Diverse Plaintiffs (attached hereto as **Exhibit D**). Therefore, all the jurisdictional requirements of mass action removal are met.

## ALL REMOVAL PROCEDURES ARE SATISFIED

Plaintiffs submitted to Judge Ruehlman the Binder proposing a joint trial of the claims of more than 100 Plaintiffs on December 7, 2015. They e-mailed a copy of the Binder to Defendants on that same date. Accordingly, this removal is timely, since it occurred "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

All Defendants consented to this removal, but regardless, the consent of all Defendants is not required for mass action removal. *See id.* §§ 1332(d)(11), 1453(b).

With respect to mass action jurisdiction, removal is not barred by the Ohio citizenship of any Defendants.  *See id.* § 1453(b).

The Complaint is attached as **Exhibit A**.  *See id.* § 1446(a).  The Court's General Order is attached as **Exhibit C**.  *Id.*  The remaining process, pleadings, and orders are also attached hereto as **Exhibits E to G.**  *Id.*

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Hamilton County Court of Common Pleas.  *See id.* § 1446(d).

Defendants hereby reserve their right to amend this notice of removal.

**WHEREFORE**, CCHMC respectfully removes this action from the Common Pleas Court of Hamilton County, in the State of Ohio, to this Court.

Respectfully submitted,

s/ J. David Brittingham
J. David Brittingham, Esq. (0061577)
Allison G. Knerr, Esq. (0088235)
Michael J. Gray, Esq. (0086804)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8200 Phone
(513) 977-8141 Fax

*Counsel for Defendants Cincinnati Children's Hospital Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2016, the foregoing was served by electronic mail on the following:

Matthew J. Hammer
The Deters Law Firm
5247 Madison Pike
Independence, KY 41051
*Attorney for Plaintiff*

Joseph T. Deters, Esq.
The Deters Law Firm
635 West 7th Street, Suite 40
Cincinnati, Ohio 45203
*Attorney for Plaintiff*

Paul W. McCartney, Esq.
Jason A. Paskan, Esq.
Bonezzi, Switzer, Polito & Hupp Co., L.P.A.
312 Walnut Street, Suite 2530
Cincinnati, OH 45202
*Attorneys for Defendant Abubakar Atiq Durrani, M.D.*

s/Michael J. Gray